JUNE TERM, 1861. 79

The Town of McGregor v. The McGregor Branch of the State Bank.

---

## The Town of McGregor v. The McGregor Branch of The State Bank.

1. STATUTE CONSTRUED. Section 460 of the Code of 1851 applies only to property listed and assessed for taxation for State and county purposes.
2. TAXES ON BANK STOCK. The capital stock of a branch of the State Bank, doing business within an incorporated town or city, which is authorized to levy and collect taxes for corporation purposes, is not exempt from taxes for such purposes, though some of the owners of such stock do not reside within the limits of the corporation.
3. STATUTE CONSTRUED. Section 462 of the Code of 1851, applies only to incorporations for purposes of internal improvement, and not to corporations for banking purposes.

*Appeal from Clayton District Court.*

WEDNESDAY, JUNE 12.

*Noble & Drummond* and *J. O. Crosby* for the appellant.

*Odell* for the appellee.

BALDWIN, J.—It was agreed by the parties, in the District Court, that the plaintiff was duly incorporated and possessed

the power to levy a tax for corporation purposes, and that the corporation tax for the year 1856, was properly and correctly levied. It was further agreed that the defendant was a corporation doing business as a Branch of the State Bank of Iowa, within the limits of the town of McGregor, and organized under the general banking law of this State, and the cash capital of the defendant, at the time of assessment of said tax for the year 1860, as paid in by the stock holders, was $25,000; and that a portion of said stockholders did not reside within the corporate limits of said city.

It is claimed by the defendant that the bank is not liable to such assessment and taxation, but that individual stockholders are liable to be assessed and taxed upon the amount of shares in said stock where they respectively reside.

Section 460 of the Code provides that all personal property is to be listed and assessed in that county where the owner resides, &c. The appellants rely upon this provision as fixing the place where property is to be assessed and taxed. This provision relates alone to taxes for State and county purposes. The act of the legislature conferring upon the town of McGregor the right to tax all property within its corporate limits, creates a new character of taxation, and confers upon such town the right to assess and collect a revenue for its municipal purposes, and this right is not limited or restricted by any provision of the revenue law of the State, except only as to property exempt from taxation.

The capital stock of a bank (which is the money paid in by the stockholders,) is under the control of the corporation, and not the stockholders. It is conceded that this corporation is within the town limits. If so, it is there that the capital of the company is concentrated; there that the business is carried on; and being so located and receiving all the advantages and protection that the authorities of such town can afford, it becomes liable to pay its proportion

of the taxes necessary to be collected for carrying on the city government.

Section 462 of the Code, which provides that the property of corporations or companies for constructing canals, railroads, &c., shall be taxed through the shares of the stock holders, relates to corporations for internal improvements alone, and cannot apply to corporations such as defendant.

Judgment affirmed.